EVA BARTKUS
*vs.*
EDWARD GILMAN

Androscoggin.   Opinion, February 20, 1963.

*Edward J. Beauchamp*, for the Plaintiff.

*John Platz*, for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ.  DUBORD, J., sat at argument, but retired before rendition of decision.

PER CURIAM.

On appeal.  The complaint was for money had and received in the sum of $2,000.  At the conclusion of the evidence the presiding justice granted a motion for a directed

verdict for the defendant, from which action the plaintiff appealed.

The evidence disclosed that a withdrawal of $2,000 was made from a savings account in the names of Eva Bartkus or Alice Gilman, the plaintiff and her daughter, the wife of the defendant. This money was delivered to Alice Gilman by the plaintiff. The position of the plaintiff appears to be that Alice Gilman received the money from the plaintiff in the form of a loan while acting as agent of the defendant in the transaction. The plaintiff claims the defendant ratified the agency by later advising the plaintiff not to worry about the money and stating that when he received certain insurance money she would receive all her money. This conversation took place within a few days after the money was received by the defendant's wife and during a time when the plaintiff was being taken for a ride in defendant's automobile. Some time later the defendant's wife died.

The defendant was not present during the transaction between his wife and the plaintiff. A careful examination of the record fails to disclose any evidence whatever that the defendant's wife was acting as his agent at the time she received the money from the plaintiff. The conversation during the automobile ride in no way indicated that the defendant's wife as his agent borrowed the money for the recovery of which the complaint was brought.

Any promise, made by the defendant during the automobile ride, to pay the plaintiff the sum of $2,000, having been made after the creation of the debt, was not an original promise on the part of the defendant to pay that amount to the plaintiff. Giving the most favorable interpretation to the plaintiff, it constituted no more than a promise to answer for the debt of another and is required by the statute of frauds to be in writing. *Fairbanks* v. *Barker,* 115 Me. 11, 16.

The plaintiff claims that the defendant is estopped by his conduct from denying his wife's authority. We find no evidence in the case to justify that contention.

The entry will be

*Appeal denied.*